**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02021-PAB-MEH

ESTATE OF APRIL BLACKMON-LOGAN, by and through its personal representative, Kathy
Anne Lee; and
CHRISTOPHER MISERLIAN, Individually;

      Plaintiffs,

v.

ADAMS COUNTY SHERIFF'S DEPUTY CHAD JENKINS, in his individual capacity;
ADAMS COUNTY SHERIFF RICHARD REIGENBORN, in his official capacity;
KALCEVIC LAND COMPANY;
SEVEN T. FARMS LLC;
PHILLIP TRUJILLO, Individually;
COLORADO DEPARTMENT OF TRANSPORTATION;
ESTATE OF LEAH FORD, by and through its Personal Representative Twilight Hovey; and
MICHAEL LINNEBUR

      Defendants.

_____

**REPLY TO PLAINTIFFS' RESPONSE TO THE ADAMS COUNTY DEFENDANTS'**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**
_____

      Defendants, Chad Jenkins, individually, and Sheriff Richard A. Reigenborn, officially (the

"Adams County Defendants"), by and through their attorney, Kerri A. Booth, Assistant County

Attorney, hereby submit this Reply in support of their Motion to Dismiss (hereinafter the "Motion")

[ECF 56] to address the issues raised in Plaintiffs' Response (hereinafter the "Response") [ECF 62].

In further support of their Motion, the Defendants state as follows:

**I.      PLAINTIFFS HAVE FAILED TO OVERCOME DEPUTY JENKINS'**
**ENTITLEMENT TO QUALIFIED IMMUNITY.**

      Deputy Jenkins is named in the Second Amended Complaint in his individual capacity.  The

facts pled in the Second Amended Complaint do not establish that Plaintiffs suffered a violation of a

clearly established constitutional right.  Therefore, Deputy Jenkins is entitled to qualified immunity and must be dismissed.

To make a claim for relief under §1983, Plaintiff must prove that "he was deprived of a right, privilege, or immunity secured by the federal constitution or federal laws by a person acting under color of state law." *Moody v. Ungerer*, 885 P.2d 200, 201 (Colo. 1994).  A government defendant who acted under the color of state law and is accused of violating a plaintiff's federal rights may assert qualified immunity. *Id*. at 202. The qualified immunity analysis has two prongs: "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Pearson,* supra. (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

"To defeat the defendants' assertion of qualified immunity at the motion-to-dismiss stage, [the plaintiff] 'must allege sufficient facts that show – when taken as true – the defendant[s] plausibly violated h[is] constitutional rights, which were clearly established at the time of violation.'" *Sause v. Bauer*, 859 F.3d 1270, 1274 (10th Cir. 2017) (quoting *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012)).  Where a § 1983 defendant raises the defense of qualified immunity, the burden shifts to the plaintiff to show that the defendant violated a constitutional right that was clearly established at the time of the alleged unlawful activity.  *Swanson v. Town of Mountain View, Colo.*, 577 F.3d 1196, 1199 (10th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, (2009)).

In this case, Plaintiffs have failed to meet their burden in showing that Deputy Jenkins violated Plaintiffs' substantive due process rights and that Plaintiffs' alleged rights were clearly established at the time that the alleged violation occurred.

### A.      Plaintiffs have not Stated a Plausible Substantive Due Process Claim against Deputy Jenkins.

Plaintiffs argue in their Response that they have sufficiently pled facts showing that each of the two exceptions to the general prohibition of due process claims predicated on acts of third parties

have been met.  They have not.  Plaintiffs have failed to demonstrate that either the state created danger or special relationship exceptions apply here.  Therefore, the Deputy Jenkins cannot be held liable for a substantive due process violation and is entitled to qualified immunity.

> 1.    *The Facts Alleged by Plaintiffs are Insufficient to Invoke the State-Created Danger Exception.*

As was stated in the Motion, in order to invoke the danger-creation exception, a plaintiff must establish as a threshold matter "(1) private violence, and (2) affirmative conduct on the part of the state in placing the plaintiff in danger." *Hernandez*, 734 F.3d at 1259. If these preconditions are met, a plaintiff must then sufficiently allege that:

> "(1) [the defendant] created the danger or increase[d] plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specifically definable group; (3) defendant's conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking."

*Id.* (quotation omitted).

Plaintiffs' Response makes the tenuous argument that the "private violence" at play in this case was not the conduct of Defendant Trujillo, the driver of the semi-truck that purportedly wrongfully struck and killed Ms. Ford and Ms. Blackmon-Logan but instead makes the argument that the "private violence" lies in Ms. Ford's deliberate conduct while driving the vehicle.  This argument is flawed.  In order to prevail on the theory that the private violence in this case was actually caused by Ms. Ford's failure to stop at a stop sign, Plaintiffs must prove that Ms. Ford's action in not stopping at the stop sign was deliberate and done with the specific intent to cause harm.  *See Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 928-30 (10th Cir. 2012) (Private violence "typically connotes an act involving some degree of deliberateness" on the part of the private actor who directly causes the harm.  This

deliberateness assumes that the act must be done violently.[1])  As such, Plaintiffs must make plausible allegations that Ms. Ford deliberately proceeded through the stop sign with some degree of intent to cause harm.

Plaintiffs' Second Amended Complaint fails to allege that the actions of Ms. Ford were in any way deliberate.  In fact, the Second Amended Complaint seems to concede that the actions of Ms. Ford were accidental.  Specifically, Plaintiffs state that Ms. Ford "apparently" did not see "a stop sign". Second Am. Compl. ¶ 58.  Plaintiffs did not plead that Ms. Ford saw the stop sign and then made the decision to deliberately go through it, or that she even knew there was a stop sign at that particular intersection and that she purposefully went through it despite knowing she was supposed to stop. Instead, by Plaintiffs' own apparent admission, Ms. Ford accidentally failed to stop at the stop sign that then resulted in the unfortunate losses of life.  The Second Amended Complaint is devoid of any allegation that Ms. Ford intended to cause either herself or Ms. Blackmon-Logan any harm.  *See Second Am. Compl. passim.* Since Plaintiffs cannot establish that Ms. Ford's actions with regard to the stop sign were deliberately undertaken or undertaken with the intent to cause harm, they cannot demonstrate private violence such as to invoke the danger creation theory exception.

Further, Plaintiffs fail to show how Deputy Jenkins' actions plausibly shock the judicial conscious.  As was noted in the Motion, whether conduct shocks the conscience is a question of law for the Court. *See Perez v. Unified Gov't of Wyandotte Cty./Kan. City, Kan.*, 432 F.3d 1163, 1168 n.4 (10th Cir. 2005).  In this case, a Court has already determined that Deputy Jenkins' actions do not shock the judicial conscious.  *See Hovey v. Jenkins*, Case No. 1:20-cv-00976-LTB, ECF No. 77 (Nov. 15, 2021), p. 11. As such, Plaintiffs have failed to demonstrate that Deputy Jenkins is liable for a

---

[1] The *Gray* Court deferred to Black's Law Dictionary, in defining "violence" which classifies the term as "physical force unlawfully exercised with the intent to harm." *Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 928–30 (10th Cir. 2012).

substantive due process violation under the danger creation theory and he is entitled to dismissal of this claim.

        2.    *Plaintiffs' Alleged Facts Are Insufficient to Invoke the Special-Relationship Exception.*

Plaintiffs have failed to plead facts sufficient demonstrating that a special relationship was formed thereby creating liability on the part of Deputy Jenkins on a substantive due process theory. Plaintiffs argue that a custodial relationship was formed simply because Mr. Linnebur, the original driver of the flat-bed truck was taken into custody. Just because Mr. Linnebur was arrested does not create the implication that either Ms. Ford or Ms. Blackmon-Logan were in custody. To invoke the special relationship theory, a plaintiff must establish the state actor (1) restrained the plaintiff's personal liberty, and (2) that restraint hindered the plaintiff's freedom to act to protect herself from a third-party." *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002). In this case, and as was argued in the Motion, there are no plausibly pled facts that demonstrate that a custodial relationship existed between Deputy Jenkins and Ms. Blackmon-Logan at the time that the truck entered the intersection and collided with the semi-truck. *See Armijo v. Wagon Mound Pub. Sch.,* 159 F.3d 1253, 1261 (10th Cir. 1998); *See also Hovey v. Jenkins*, *supra*, at 17-19. Here, there are no facts indicating that Ms. Blackmon-Logan was forced to ride in the vehicle with Ms. Ford or that she had no choice in leaving the scene of the traffic stop as a passenger in the truck such that her presence in the truck would in some way amount to an involuntary restraint.

Without non-conclusory and plausible facts demonstrating that Ms. Blackmon-Logan was subject to an involuntary restraint at the time of the accident, the Plaintiffs cannot invoke the special-relationship doctrine and Deputy Jenkins is entitled to dismissal of this claim.

    **B.**    **Plaintiffs have not Shown that the Right in Question was Clearly Established.**

In determining whether a right is clearly established, a plaintiff must point to Supreme Court

or Tenth Circuit precedent (or the clear weight of other circuit courts) that recognizes an actionable constitutional violation in the circumstances presented. *See Schwartz v. Booker*, 702 F.3d 573, 587–88 (10th Cir. 2012).  Thus, it is Plaintiffs' burden to identify a case where an official acting under sufficiently similar circumstances was held to have violated a claimant's rights. *See White v. Pauley*, 137 S. Ct. 548, 552 (2017). "The dispositive question is whether the violative nature of the *particular conduct* is clearly established." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016); *see also Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

Plaintiffs' reliance on *Wood v. Ostrander,* 879 F.2d 583 (9th Cir. 1989) that was discussed by the Tenth Circuit in *Uhlrig v. Harder,* 64 F.3d 576(10th Cir. 1995) is misplaced.  As Plaintiffs' note, in *Wood* the Ninth Circuit found that a substantive due process violation existed when law enforcement officers impounded driver's vehicle and then left driver at 2:30 a.m. in a high crime area with no apparent means to get driver home or to a place of safety.  As a result of this abandonment, the driver of the vehicle was later raped.  These facts differ in important ways from the facts alleged in this case. First, neither Ms. Ford or Ms. Blackmon-Logan were abandoned by Deputy Jenkins as the vehicle they were in was not impounded or otherwise confiscated.  Instead, Deputy Jenkins provided Ms. Ford and Ms. Blackmon-Logan the opportunity to transport themselves home or some other place of safety. Also noteworthy, the traffic stop did not take place in a known high crime area as was the case in *Wood.*  Deputy Jenkins did not impound the vehicle that was being driven by Mr. Linnebur and leave Ms. Ford or Ms. Blackmon-Logan abandoned without a means to get home.  The facts of *Wood* differ in these important respects such that *Wood* cannot meet the clearly established requirement of the qualified immunity analysis.

Further, subsequent Tenth Circuit decisions find there was no constitutional violation in situations similar to that noted in *Wood.  See Hilliard v. City & Cty. of Denver*, 930 F.2d 1516 (10th

Cir. 1991) (post-dating Wood, finding no clearly established law where victim was stranded by police in a high-crime area and subsequently robbed and sexually assaulted); *See also Anderson v. Worstell*, 492 F. App'x 913 (10th Cir. 2012) (finding no clearly established law where intoxicated victim had been abandoned by police and was ultimately hit by car). Therefore, Plaintiffs have failed to meet their burden of providing a Tenth Circuit or Supreme Court case where an officer was held liable for a substantive due process violation under circumstances sufficiently similar to the particular conduct at issue here, whether under a danger creation theory or a special relationship theory. Likewise they fail to demonstrate that the weight of other authority clearly establishes such violation.[2]

## III.   PLAINTIFFS HAVE FAILED TO STATE A *MONELL* CLAIM AGAINST SHERIFF REIGENBORN IN HIS OFFICIAL CAPACITY.

Here, Plaintiffs purport to bring suit against Sheriff Reigenborn in his official capacity. "An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). Plaintiffs have not alleged facts sufficient to establish a viable claim against the County because they cannot prove that the conduct of the County caused the alleged injuries.

Municipal defendants, such as Sheriff Reigenborn in his official capacity, are subject to liability under 42 U.S.C. § 1983 only if an underlying constitutional deprivation was the direct result of a municipal policy, practice, or custom. *See Monell*, 436 U.S. at 694 (1978); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Accordingly, municipal liability requires a preliminary showing of a predicate constitutional deprivation. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115,

---

[2] As was noted in the Motion, and as was ignored by Plaintiffs in their Response, in the nearly identical lawsuit filed in this District Court by the Estate of Leah Ford against Deputy Jenkins, Judge Babcock has already determined that Deputy Jenkins' alleged conduct does not constitute a violation of the due process clause and that he is entitled to qualified immunity in the face of nearly identical allegations made by the estate of Ms. Ford. *See Hovey v. Jenkins*, Case No. 1:20-cv-00976-LTB, ECF No. 77 (Nov. 15, 2021)

120 (1992). Once established, a plaintiff must then identify the particular policy, practice, or custom alleged to have been the "moving force" behind the deprivation and show how such policy, practice or custom in fact caused the deprivation. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997).  As argued above, in this case Plaintiffs have failed to establish that there is an underlying constitutional deprivation.  Plaintiffs have not demonstrated that there was a substantive due process violation here, under these facts, under either permissible theory of recovery.

However, even assuming that Plaintiffs have adequately pled facts supporting a constitutional deprivation (which the Adams County Defendants dispute), Plaintiffs have not established that requisite causal connection between the deprivation and the harm suffered.  Specifically, Plaintiffs argue that Sheriff Reigenborn provides inadequate training to his deputies regarding verification of valid licensure of passengers who may be in the vehicle during traffic stops.  As was noted in the Motion, in order to "maintain a claim for failure to train, a complaint must contain sufficiently specific factual allegations supporting an inference that the entity's training practices were in fact inadequate. *Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir. 2003). A plaintiff must then sufficiently allege the municipality was: (1) "aware that [its] training or supervision programs were not being adequately administered," and (2) "[was] nevertheless deliberately indifferent to the risk of constitutional deprivation that would result from these inadequacies." *See Havens v. Johnson*, 2012 WL 871195, at *6 (D. Colo. Mar. 13, 2012).

In this case, Plaintiffs make no more than conclusory and unsupported allegations that Sheriff Reigenborn's training program was in some way inadequate or in any way constitutionally violative. In order to try to overcome their pleading deficiency, Plaintiffs argue in their Response that Sheriff Reigenborn is on actual notice of the alleged deficiency because Sheriff Reigenborn just "should know" unlicensed drivers are less safe than licensed drivers.  Reply, p. 13.  This conclusory statement

is insufficient to draw the causal connection between an unconstitutional training program and the alleged harm Plaintiffs suffered.  Plaintiffs fail to cite to any other instances where Sheriff Reigenborn would have been put on notice of an issue with his training program. In order for municipal liability to exist in this context, Sheriff Reigenborn must have been on notice of a deficiency; however, Plaintiffs have failed to provide anything other than plain speculation indicating that there was a problem with the training program  Without showing that Sheriff Reigenborn was aware of the alleged deficiency in his training program, Plaintiffs cannot demonstrate that he was in any way deliberately indifferent to harm that might occur as a result of the alleged deficient training program.

Therefore, Plaintiffs have not pled facts sufficient to maintain a municipal liability claim against Sheriff Reigenborn or Adams County and dismissal of this claim is proper.

## IV. PLAINTIFFS' WRONGFUL DEATH CLAIM AGAINST THE ADAMS COUNTY DEFENDANTS IS BARRED BY THE CGIA.

Plaintiffs' third claim for relief attempts to hold the Adams County Defendants liable under Colorado's wrongful death statute, Colo. Rev. Stat. § 13-21-201. Plaintiffs have failed to allege, however, sufficient facts against Deputy Jenkins to give rise to a plausible inference of willful and wanton conduct necessary to survive the CGIA, Colo. Rev. Stat. § 24-10- 118(2)(a). The Sheriff in his official capacity, is absolutely immune from this claim under the CGIA.  In fact, Plaintiffs' Response largely fails to address either of these arguments as presented by the Adams County Defendants in their Motion.  Instead of demonstrating clearly, the ways in which Deputy Jenkins acted willfully or wantonly with regard to his contact with Ms. Blackmon-Logan or the ways in which Sheriff Reigenborn falls outside the confines of the CGIA, Plaintiffs ask the court to essentially take their word for it for the sake of "brevity".  This is insufficient to overcome the arguments presented in the Adams County Defendants' Motion.

The Second Amended Complaint asserts no specific facts showing Deputy Jenkins, by allegedly instructing the girls to drive home, intentionally pursued a course of action he considered would result in Ms. Ford running a stop sign and being involved in a fatal collision. The allegations in support of this claim are either speculative or conclusory thereby entitling him to dismissal of this claim.  Likewise, Plaintiffs' wrongful death claim against the Sheriff in his official capacity is barred by the express provisions of the CGIA and should be dismissed with prejudice.

## IV.      CONCLUSION

WHEREFORE, the Adams County Defendants respectfully request that Plaintiffs' Second Amended Complaint [ECF 52] be dismissed with prejudice as to the Adams County Defendants.

DATED: January 5, 2022                      Respectfully submitted,


_s/Kerri A. Booth_
Kerri A. Booth
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
kbooth@adcogov.org
*Counsel  for Defendant Sheriff Richard A. Reigenborn, and Chad Jenkins*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2022, I caused the forgoing to be electronically filed with the Clerk of the Court using the PACER E-Filing system which will send notification of such filing to all counsel of record.

<u>*s/Kerri A. Booth*</u>
Kerri A. Booth
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
kbooth@adcogov.org
*Counsel  for Defendant Sheriff Richard A. Reigenborn, and Chad Jenkins*